John Lee LIVINGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–195–CR.

Court of Appeals of Texas, Beaumont.

Sept. 21, 1988.

John Lee Livings, Beaumont, pro se.

Tom Maness, Criminal Dist. Atty., and John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

The status of this attempted appeal is that John Lee Livings is trying to perfect an ordinary appeal from an Order denying the Appellant's pro se application for a writ of habeas corpus. Livings' application for writ of habeas corpus was filed after his arrest—he having been charged with the offense of burglary but before any indictment thereon had been returned by a grand jury. We do not have an entire and complete transcript of the proceedings in this attempted appeal.

In the interim, a true bill of indictment has been duly returned charging Livings with the burglary for which he had been apprehended and arrested. The indictment was returned and filed on August 11, 1988.

It is important to note that Livings has had an attorney of record who was acting as the attorney for Livings at the time that Livings filed this so-called "pro se" application for habeas corpus as well as this attempted appeal.

On the "Certificate of Service" at the back of the documents filed by John Livings, designated as "pro se appellant", Livings swears that his foregoing writ of habeas corpus: "will be hand delivered to my attorney of record, Mr. Douglas Barlow on or before June 27, 1988, with my requests that he immediately file it in the proper Court...." This "Application for Writ of Habeas Corpus" is in Volume 1 of the record. The district judge, having considered the said application, denied the same by Order signed and entered June 29, 1988. Apparently no hearing was conducted. In the same Order, the district judge ordered the clerk to send a copy of this Order of June 29, 1988, to John Lee Livings, and also to his attorney of record.

Later, on July 8, 1988, a "Notice of Appeal" was given by Livings. This attempted appeal arises subsequent to those facts and we decide that this attempted appeal must be dismissed.

No appeal lies from the denial of an application for writ of habeas corpus wherein the trial court does not conduct a hearing. *Ex Parte Noe*, 646 S.W.2d 230 (Tex.Crim.App.1983); *Ex Parte Moorehouse*, 614 S.W.2d 450 (Tex.Crim.App. 1981).

An exception exists to this rule where the application for the writ of habeas corpus involves and clearly sets forth a valid contention of double jeopardy. *Ex Parte Tarver*, 725 S.W.2d 195 (Tex.Crim. App.1986). In *Landers v. State*, 550 S.W. 2d 272 (Tex.Crim.App.1977), the Court wrote in its opinion on the State's motion on rehearing that there is no constitutional right under the Texas Constitution to permit hybrid, dual representation which is partially pro se and partially by counsel, the high court citing Article I, Section 10, of the Texas Constitution. The Court of Criminal Appeals, in a long line of cases, has held that there is a well-established distinction between the right to be heard and the right to counsel. In *Williams v. State*, 605 S.W.2d 596 (Tex.Crim.App.1980), the court wrote, at page 600:

"Appellant filed a motion for permission to appear and be recognized as co-counsel in the trial of the case. Although there is no record showing that

the motion ever came to the attention of the trial judge, we meet the complaint directly. Such type of hybrid representation was condemned by this Court in *Landers v. State*, 550 S.W.2d 272, 280 (Tex.Cr.App.1977, on rehearing). We are not persuaded to deviate from the rule established in *Landers*, supra."

Under this record and in view of the Appellant's having the services of competent counsel, we hold that Livings simply cannot enjoy "hybrid representation". Hence, this so-called appeal should be denied on that compelling ground. We must dismiss this attempted appeal for lack of jurisdiction.

DISMISSED.

BURGESS, Justice, concurring.

I concur in the dismissal of the appeal. I do not adopt the rationale of "hybrid representation." Appellant was given a court-appointed attorney to assist in the defense of a criminal indictment. The filing of an application for writ of habeas corpus and the resulting attempted appeal is a separate and distinct matter, but to label it "hybrid representation" is, in my opinion, erroneous.