In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-019 CR


____________________



EX PARTE RAYMOND YOUNG






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 85414






 OPINION


 On December 17, 2007, the trial court refused to rule on Raymond Young's
application for writ of habeas corpus without conducting an evidentiary hearing or issuing
the writ of habeas corpus. We questioned our jurisdiction over the appeal. Young filed a
response in which he fails to establish that the order is appealable.

 No appeal lies from the refusal to issue a writ of habeas corpus unless the trial court
rules on the merits of the application. Ex parte Hargett, 819 S.W.2d 866 (Tex. Crim. App.
1991); Ex parte Noe, 646 S.W.2d 230 (Tex. Crim. App. 1983). In this case, the trial court
did not address the merits of Young's application. The trial court did not issue a writ of
habeas corpus, nor did the court conduct an evidentiary hearing on the application for the
writ. Compare Ex parte Silva, 968 S.W.2d 367 (Tex. Crim. App. 1998); Ex parte
McCullough, 966 S.W.2d 529 (Tex. Crim. App. 1998). 

 We hold we have no jurisdiction over this appeal. Accordingly, we dismiss the appeal
for want of jurisdiction. The concurring opinion asserts that we should construe as a petition
for writ of mandamus language contained in a document entitled "Motion to Leave 252nd
Criminal District Court, to File Appellate Brief Regarding the Denial of Writ of Habeas
Corpus Petition, Pursuant to Art. 11.08." The document was never filed as an original
proceeding with this Court, it does not comply with the requirements set forth in Rule 52 for
a petition for writ of mandamus, and Young's notice of appeal and brief do not inform this
Court of any intention to invoke our mandamus jurisdiction. (1) See Tex. R. App. P. 52. In
addition, after Young filed a pro se petition for habeas relief, the trial court appointed an
attorney to represent him on his habeas claim, and his attorney subsequently filed a petition
for a writ of habeas corpus on Young's behalf. The trial court denied that application, and
Young did not appeal that ruling. 

 Nothing in the record before us indicates that Young expressed a desire to discharge
his habeas lawyer in the trial court. Furthermore, a defendant has no right to hybrid
representation. Ex parte Taylor, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001). Therefore,
even were we to follow the approach suggested in the concurring opinion and construe this
proceeding as a petition for writ of mandamus, we would require Young to comply with the
requirements of Rule 52 before addressing the merits of his petition, allow the State to file
its response, and then determine whether Young had established that the trial court failed to
perform a ministerial duty. See Tex. R. App. P. 52; State ex rel. Hill v. Court of Appeals for
the Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Because Young filed an appeal
and not an original proceeding, we conclude that our resolution on a jurisdictional basis is
appropriate.

 APPEAL DISMISSED.

 _________________________________

 HOLLIS HORTON

 Justice 
Submitted on March 11, 2008

Opinion Delivered April 16, 2008

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.

CONCURRING IN PART; DISSENTING IN PART



 I concur with denying relief, but for different reasons. The complaint made to this
Court is that the trial court refuses to permit a pro se application for writ of habeas corpus
because of hybrid representation. In the application filed with the trial court, defendant says,
among many other things, that he is being held illegally on a cash bond requirement. He asks
this Court to exercise our original jurisdiction, because the trial court's duty to issue the writ
of habeas corpus is ministerial. See Tex. R. App. P. 52 (original jurisdiction); see also Tex.
Code Crim. Proc. Ann. art. 11.15 (Vernon 2005) (writ of habeas corpus). 

 This Court has original jurisdiction to issue a writ of mandamus, and we have noted
that "[i]n appropriate situations, mandamus may lie to compel a trial court to act on a petition
for writ of habeas corpus." See Ex parte Williams, 200 S.W.3d 819, 820 n.1 (Tex. App.--Beaumont 2006, no pet.). The Court dismisses this proceeding on jurisdictional grounds and
does not apply the mandamus standard. Though we have original jurisdiction, on the record
presented the Court should deny the relief requested. 

 The trial court denied consideration of the pro se application for a writ of habeas
corpus because the applicant has counsel in the pending criminal case where he is charged
with aggravated assault of a peace officer. See generally Livings v. State, 759 S.W.2d 16
(Tex App.--Beaumont1988, no pet.) (hybrid representation not allowed); see, e.g., In re
Linton, No. 09-07-403 CV, 2007 WL 2493555 (Tex. App.--Beaumont 2007)(orig.
proceeding) (not designated for publication) (hybrid representation not allowed). But the
filing of an application for writ of habeas corpus is a separate and distinct proceeding from
the defense of the criminal indictment, as the concurring justice noted in Livings. See id. at
18 (Burgess, J., concurring). In Ex parte Carter, 849 S.W.2d 410, 411 n.2 (Tex. App.--San
Antonio 1993, pet. ref'd), the court explained: 

 Habeas Corpus proceedings are separate and distinct proceedings independent
of the cause instituted by the presentation of an indictment or other forms of
the State's pleadings. Such habeas proceedings should be docketed separately
from the substantive cause and given a different cause number. An appeal
from an order denying relief after the issuance of the habeas corpus writ is not
an interlocutory appeal from the substantive cause arising out of an indictment,
felony information complaint and information. Failure to docket habeas
corpus proceedings separately is a common mistake of the bench and bar and
the court clerks of this State.


The failure to docket a habeas corpus proceeding separately does not affect this Court's
jurisdiction, nor does that clerical error make the habeas corpus proceeding something other
than a "separate and distinct proceeding[ ] independent of the cause instituted by the State." 
See generally Ex parte Bui, 983 S.W.2d 73 n.1, 75 (Tex. App.--Houston [1st Dist.] 1998, pet.
ref'd).

 A defendant may use a pretrial application for writ of habeas corpus to challenge the
denial of bail or conditions attached to bail. See Ex parte Smith, 178 S.W.3d 797, 801 (Tex.
Crim. App. 2005) (footnote omitted). "The writ of habeas corpus shall be granted without
delay by the judge or court receiving the petition, unless it be manifest from the petition
itself, or some documents annexed to it, that the party is entitled to no relief whatever." Tex.
Code Crim. Proc. Ann. art. 11.15. The Code of Criminal Procedure recognizes Young's
right to file an application himself. The Code states, "Either the party for whose relief the
writ is intended, or any person for him, may present a petition to the proper authority for the
purpose of obtaining relief." See Tex. Code Crim. Proc. Ann. art. 11.12 (Vernon 2005). 
"The applicant shall have the right by himself or counsel to open and conclude the argument
upon the trial under habeas corpus." Tex. Code Crim. Proc. Ann. art. 11.49 (Vernon 2005). 
Furthermore, because the habeas corpus proceeding is separate from the cause instituted by
the State, the prohibition against hybrid representation is not a reason to deny consideration
of the application.

 The underlying application for writ of habeas corpus asserts in part that the trial court
set the bail bond at "$249,000.00 (cash bond)[.]" See Ex parte Rodriquez, 583 S.W.2d 792,
793 (Tex. Crim. App. 1979)(trial court not authorized to set only a cash bond for appearance
at trial); see also 41 George E. Dix & Robert O. Dawson, Tex. Practice: Criminal
Practice and Procedure § 16.43 (2d ed. 2001) ("A bail bond may not be termed so that
the defendant can meet it only by a cash deposit.")(footnote omitted). The clerk's record
includes the bail bond order for "249,000.00 cash." (2) 

 There are circumstances in which bail may be denied in noncapital cases under section
11a of article I of the Texas Constitution, and the defendant has the right to appeal to the
Court of Criminal Appeals. See Tex. Const. art. I § 11a; see generally Clapp v. State, 639
S.W.2d 949, 952 (Tex. Crim. App. 1982), clarified on different grounds by Comer v. State,
754 S.W.2d 656, 658-59 (Tex. Crim. App. 1986) (op. on rehearing). The record reflects that
defendant was being held separately also on a "$249,000 cash" bail bond, in Cause No.
92153, under which he was charged with murder committed on a date some years subsequent
to the offense charged in this case. See also generally 41 George E. Dix & Robert O.
Dawson, Tex. Practice: Criminal Practice and Procedure § 16.152 (2d ed. 2001) ("If
a defendant commits a criminal offense while on bail, that does not authorize the trial court
to regard the defendant as no longer bailable on the first offense. Under certain
circumstances, however, the fact that the accused was on bail when he committed the second
offense may render him nonbailable on that offense.") (emphasis in original). 

 When a trial court refuses to issue a writ of habeas corpus without determining the
merits of the habeas corpus claim, we do not have appellate jurisdiction over an attempted
appeal. See Ex parte Williams, 200 S.W.3d at 820 ("An appeal is available only if the trial
court considers and resolves the merits of the petition.")(citing Ex parte Hargett, 819 S.W.2d
866, 868 (Tex. Crim. App. 1991)). Here, the trial court did not issue the writ, though it did
in effect rule that the applicant was not entitled to file the application pro se. Regardless of
the reason given, however, the trial court did not consider the merits of Young's application. 
We have no jurisdiction to consider the attempted appeal from the denial of the application
for writ of habeas corpus. Id. 

 This Court has suggested that the no-appeal rule -- no appeal lies from the refusal to
issue the writ unless there is a determination of the merits -- "should be reconsidered." Id.
at 820. Unless the no-appeal rule is changed, however, when a trial court refuses to consider
the merits of the application, an applicant's potential remedies are limited as a practical
matter. A writ of mandamus is one possible, though extraordinary, remedy. See Tex. R.
App. P. 52. The traditional test for determining whether mandamus relief is appropriate 
requires the relator to establish (a) that he has no adequate remedy at law to redress his
alleged harm, and (b) that what he seeks to compel is a ministerial act, not involving a
discretionary or judicial decision. In re State ex. rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (original proceeding)
(citing De Leon v. Aguilar, 127 S.W. 3d 1, 5 (Tex. Crim. App. 2004)). The latter
requirement is satisfied if the relator shows "he has 'a clear right to the relief sought'-- that
is to say, 'when the facts and circumstances dictate but one rational decision' under
unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and
clearly controlling legal principles." Id. (quoting Buntion v. Harmon, 827 S.W.2d 945, 947-948 & n.2 (Tex. Crim. App. 1992)); see also Dickens v. Court of Appeals for Second
Supreme Judicial Dist. of Tex., 727 S.W.2d 542, 548-50 (Tex. Crim. App. 1987). This Court
has said that mandamus relief is unavailable to compel a hearing on an application for writ
of habeas corpus, because the defendant has an adequate legal remedy -- filing a petition for
writ of habeas corpus with any of the courts provided with original jurisdiction in habeas
corpus. See In re Foster, No. 09-05-036 CV, 2005 WL 729465 (Tex. App.--Beaumont Mar.
31, 2005) (original proceeding) (mem. op.). Subsequently, in Williams, we noted mandamus
may lie in appropriate circumstances, because it would be unlikely for another trial judge
with no relationship to the underlying case to issue a writ pre-trial, and the Court of Criminal
Appeals exercises its jurisdiction only in exceptional cases and only after unsuccessful efforts
in the trial courts. See Williams, 200 S.W.3d at 820 n.1, 822. 

 In this case, appellant filed a pro se "Motion to Leave 252nd Criminal District Court
to File Appellate Brief Regarding the Denial of Writ of Habeas Corpus Petition, Pursuant to
art. 11.08[.]" The motion states in full: 

 Comes now, Raymond Young, pro-se, in the above styled And
numbered cause and files this as his request to leave the 252nd Criminal District
Court in order to file the attached petition, under ART. 11.08 Texas Criminal
Code and Procedure, For An Appeal[.] 

 This is a Case Which Requires The Ninth District Court of Appeals To
Exercise Original Jurisdiction because Petitioner has no Adequate Remedy. 
It Involves Ministerial Acts because The Movant has been Unsuccessful In
Obtaining Relief From the 252nd Criminal District Court. 


Young's pro se brief in his attempted appeal asserts his right to proceed without counsel in
filing the application for writ of habeas corpus. Though the separate "motion" he filed in this
Court does not follow the instructions for a mandamus petition in Rule 52, the motion 
sufficiently invokes the Court's original mandamus jurisdiction. 

 The record reflects, however, that defendant is being held for another offense, murder,
and he does not show that he remains bailable. He has not shown that the facts and
circumstances dictate but one rational decision, under unequivocal, well-settled, and clearly
controlling legal principles. Although mandamus jurisdiction exists to compel a trial court
to act on an application for writ of habeas corpus in exceptional circumstances, the
mandamus petition here should be denied on the record presented. 


 ____________________________

 DAVID GAULTNEY

 Justice


Concurring in Part; Dissenting in Part

Delivered April 16, 2008
1. Young provided the document in question to this Court as an attachment to his
notice of appeal. We did not docket the proceeding as a mandamus, and Young does not
contest the manner in which we docketed the cause. Nevertheless, Young would not be
prohibited from filing an original mandamus proceeding in this Court should he
subsequently decide to do so.
2. There is some disagreement in the case law concerning whether a pretrial ruling
in a bail proceeding is immediately appealable. Appellate jurisdiction appears to be
recognized in Rule 31 of the Texas Rules of Appellate Procedure. This Court described
the division of authority in Badall v. State, No. 09-04-211CR, 2004 WL 1699911 (Tex.
App.--Beaumont July 28, 2004, no pet.)(mem. op.). One court has said that, although
denial of a motion to reduce bond is appealable (citing Rule 31.1), Rule 31.1 does not
encompass a direct appeal of a pretrial order revoking bond. See Wright v. State, 969
S.W.2d 588, 589-90 (Tex. App.--Dallas 1998, no pet.). A uniform and clear approach
to this jurisdictional issue is required. See Tex. Const. art. I, §§ 11, 13; see generally
Schilb v. Kuebel, 404 U.S. 357, 365, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971) ("Bail, of
course, is basic to our system of law.").