

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00383-CR

CRAIG MACK,

                                                        Appellant

 v.

THE STATE OF TEXAS,

                                                        Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 19910509-C

## OPINION

On November 17, 2017, inmate Craig Mack filed a "Notice of Appeal" in this Court, challenging the trial court's denial of his motion for a free Reporter's Record. Included in Mack's "Notice of Appeal" are statements that he wishes to compel the trial court to provide him with a free Reporter's Record so that he may file a post-conviction application for writ of habeas corpus raising an actual-innocence claim, as well as various other civil-rights violations.

The right of appeal in criminal cases is conferred by the Legislature, and a party may appeal only from judgments of conviction or interlocutory orders authorized as appealable. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("'[T]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008))). In this case, appellant does not appeal from a judgment of conviction or an appealable interlocutory order. *See, e.g., Richard v. State*, No. 01-16-00196-CR, 2016 Tex. App. LEXIS 3913, at *3 (Tex. App.—Houston [1st Dist.] Apr. 14, 2016, no pet.) (mem. op., not designated for publication) (per curiam) (citing *Hosea v. State*, No. 01-14-01017-CR, 2015 Tex. App. LEXIS 1858, at **1-2 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, no pet.) (mem. op., not designated for publication) (per curiam) ("The denial of a motion to obtain a free record is not an appealable order.")); *Poole v. State*, No. 14-14-00081-CR, 2014 Tex. App. LEXIS 3292, at *1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op., not designated for publication) (per curiam) (citing *Manning v. State*, No. 14-11-00464-CR, 2011 Tex. App. LEXIS 4537, at *1 (Tex. App.—Houston [14th Dist.] June 16, 2011, no pet.) (mem. op., not designated for publication) (per curiam)). Because this appeal is not from a judgment of conviction or an appealable interlocutory

order, we have no jurisdiction.  *See Ragston*, 424 S.W.3d at 52; *see also Abbott*, 271 S.W.3d

at 696-97.  Accordingly, this appeal is dismissed.[1]


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed December 6, 2017
Publish
[CRPM]



---

[1] And to the extent that Mack complains about the trial court's refusal to rule on his other pending motions, he cannot do so via direct appeal.  *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *see also Neu v. State*, No. 02-12-00524-CR, 2012 Tex. App. LEXIS 10082, at *1 n.3 (Tex. App.—Fort Worth Dec. 6, 2012, no pet.) (mem. op., not designated for publication) (per curiam) ("To the extent that Appellant seeks to appeal the trial court's alleged failure to rule on the pending motions, he cannot do so via direct appeal.").