In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00072-CR
_____

ANDRE RISHAWN ROBERTS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 14-20527

MEMORANDUM OPINION

Appellant Andre Rishawn Roberts challenges the trial court's order declining to review the merits of his *pro se* application for writ of habeas corpus. We dismiss the appeal for want of jurisdiction.

Background

In 2014, a grand jury indicted Roberts for possession of a controlled substance. Roberts pleaded guilty, and the trial court found that the evidence

substantiated Roberts's guilt, deferred adjudicating Roberts guilty, placed Roberts on community supervision for a term of ten years, and assessed a $500 fine. Subsequently, the State filed a motion to revoke Roberts's unadjudicated probation.

Roberts filed a *pro se* application for writ of habeas corpus seeking relief under article 11.08 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.08 (West 2015). In his application, Roberts complained that he was being illegally restrained because his indictment had a fatal defect and failed to charge an offense, his guilty plea was involuntary, and his counsel was ineffective because counsel failed to ask the trial court to rule on Roberts's pretrial motion to quash the indictment during the plea proceeding. Roberts argued that the order placing him on community supervision is void, the State's motion to revoke was based on hearsay, and he was being denied bail. Roberts sought a ruling on his motion to quash the indictment and a dismissal of all charges against him. The trial court entered an order denying Roberts's application for writ of habeas corpus, stating that because Roberts was represented by appointed counsel, Roberts was not entitled to hybrid representation. The trial court stated that it would only consider matters filed and presented by Roberts's counsel. Roberts appealed.

Analysis

In his *pro se* brief, Roberts asks this Court to grant the relief he requested in his *pro se* application for writ of habeas corpus, which the trial court declined to consider because Roberts was not entitled to hybrid representation. When a trial court refuses to issue a writ of habeas corpus without considering the merits of the habeas corpus claim, we do not have appellate jurisdiction over an attempted appeal. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991), *superseded in part by statute*, Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015); *Ex parte Young*, 257 S.W.3d 276, 277 (Tex. App.—Beaumont 2008, no pet.); *cf. Ex parte Villanueva*, 252 S.W.3d 391, 395-97 (Tex. Crim. App. 2008) (holding that the *Hargett* rule addressing the right to appellate review does not apply when the application is filed under Article 11.072 because a writ of habeas corpus issues by operation of law).

The record before us does not establish that the trial court ruled on the underlying merits of Roberts's *pro se* writ application under Article 11.08. Instead, the trial court's order denying the application specifically states that Roberts was not entitled to hybrid representation and the trial court would only consider matters filed by Roberts's counsel. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (holding that a trial court is free to disregard any *pro se* motions filed by a defendant represented by counsel because a defendant has no right to hybrid

representation). The trial court did not issue a writ of habeas corpus, nor did the trial court conduct an evidentiary hearing on the application for the writ.

We conclude that because the trial court refused to issue a writ of habeas corpus and declined to consider the merits of Roberts's Article 11.08 writ application, this Court lacks jurisdiction to review the trial court's determination. *See Ex parte Hargett*, 819 S.W.2d at 868. Accordingly, we dismiss the appeal for want of jurisdiction.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 2, 2019
Opinion Delivered June 12, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

4