In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00173-CR**
_____

**MICHAEL WAYNE OSBORNE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 19-31505**

**MEMORANDUM OPINION**

In response to a motion for rehearing filed by appellant, Michael Wayne Osborne, we withdraw our opinion of August 7, 2019, and substitute the following in its place.

On June 5, 2019, we notified the parties that our jurisdiction was not apparent from the notice of appeal and warned that the appeal would be dismissed for want of jurisdiction unless we received a response showing grounds for continuing the

1

appeal. Appellant filed a response, but he failed to articulate a valid basis for jurisdiction in that response. With his motion for rehearing, Osborne provided a copy of an order, in which the trial judge stated that Osborne's pro se "motion seeking habeas corpus relief" was denied and set the case for trial on September 30, 2019.

The record before us does not establish that the trial court ruled on the underlying merits of Osborne's pro se motion seeking habeas relief. The trial court did not issue a writ of habeas corpus, nor did the trial court conduct an evidentiary hearing on the application for the writ. In addition, Osborne did not provide argument or authorities permitting this Court to exercise appellate jurisdiction over an interlocutory order. Osborne has failed to demonstrate that the trial court has signed an order that is appealable at this time. *See Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991), *superseded in part by statute*, Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015) (holding that no appeal lies from the refusal to issue a writ of habeas corpus unless the trial court rules on the merits of the application); *Ex parte Young*, 257 S.W.3d 276, 277 (Tex. App.—Beaumont 2008, no pet.); *see also McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (holding that intermediate appellate courts lack jurisdiction to review interlocutory orders unless such jurisdiction is expressly granted by statute). Accordingly, we dismiss the appeal for want of jurisdiction.

2

APPEAL DISMISSED.

_____
HOLLIS HORTON
Justice

Submitted on August 6, 2019
Opinion Delivered August 28, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.