**Opinion issued May 4, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00122-CR

————————————

**JOHN MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 2305515**

---

## MEMORANDUM OPINION

Appellant, John Moore, incarcerated and acting pro se, has been charged with the misdemeanor offense of driving while intoxicated.[1]  In three issues, appellant contends that law enforcement officers "failed to properly investigate,"

---

[1]     *See* TEX. PENAL CODE ANN. § 49.04.

the trial court erred in failing to have a probable cause hearing and not ruling on his pro se motion to dismiss for failure to establish probable cause,[2] and his counsel has provided him with ineffective assistance.[3]

We dismiss the appeal.

Appellant is represented by appointed counsel in the trial court.[4] It is well established that "[t]here is no constitutional right in Texas to hybrid representation partially pro se and partially by counsel." *Landers v. State,* 550 S.W.2d 272, 280 (Tex. Crim. App. 1977); *see also Livings v. State*, 759 S.W.2d 16, 18 (Tex. App.—Beaumont 1988, no pet.) (dismissing appeal for want of jurisdiction because of "compelling ground" of defendant's attempt to enjoy hybrid representation). As such, appellant's pro se appeal presents nothing for our review. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981).

---

[2] Appellant filed a pro se Motion to Dismiss for Failure to Establish Probable Cause in a Timely Manner in the trial court. The record does not reflect a ruling on the motion. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (trial court may disregard pro se motions presented by defendant who is represented by counsel).

[3] Although not notified that his appellant's brief was due, this Court received a pro se appellant's brief from appellant raising the above issues. *See* TEX. R. APP. P. 38.6 ("Time to File Briefs").

[4] At appellant's request, the trial court appointed attorney Shreya Gulamali to represent appellant on October 20, 2020. Later, Gulamali filed a motion to withdraw, to which appellant consented. The trial court granted the motion to withdraw on January 21, 2021. On January 27, 2021, at appellant's request, the trial court appointed attorney John Shannon Davis to represent appellant.

In addition, the clerk's record does not contain an appealable order, a final judgment, or a trial court certification of a right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2), (d) (criminal appeal must be dismissed if certification of right of appeal has not been made part of the record); *see also Mack v. State*, 549 S.W.3d 746, 747 (Tex. App.—Waco 2017, pet. ref'd) ("The right of appeal in criminal cases is conferred by the [Texas] Legislature, and a party may appeal only from judgments of conviction or interlocutory orders authorized as appealable."); *Patterson v. State*, No. 01-15-00911-CR, 2016 WL 717109, at *1 (Tex. App.—Houston [1st Dist.] Feb. 23, 2016, pet. ref'd) (mem. op., not designated for publication) (holding appellate court lacked jurisdiction when clerk's record did not reflect judgment of conviction, appealable order adverse to defendant, or certification permitting defendant to appeal).

Accordingly, we dismiss the appeal for lack of jurisdiction. TEX. R. APP. P. 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).