# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00578-CR

**Ex parte Robert Joseph Yezak**

### FROM COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. MR2C2000748, THE HONORABLE REBECCA DEPEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Joseph Yezak has filed a pro se notice of appeal seeking appellate review of his application for writ of habeas corpus filed in the trial court. Although a hearing on Yezak's application has been scheduled, the trial court has not yet addressed the merits of his application or conducted an evidentiary hearing regarding the application. "No appeal lies from the refusal to issue a writ of habeas corpus unless the trial court rules on the merits of the application." *Ex parte Young*, 257 S.W.3d 276, 277 (Tex. App.—Beaumont 2008, no pet.); *see Ex parte Ratliff*, No. 03-04-00040-CR, 2004 WL 1686636, at *1 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op., not designated for publication). Accordingly, we have no jurisdiction over this appeal. *See Ex parte Young*, 257 S.W.3d at 277.

Yezak attached various filings to his notice of appeal asserting that the trial court has not ruled on his application for writ of habeas corpus. To the extent that Yezak is seeking mandamus relief from this Court, we would be unable to grant relief. In his filings, Yezak notes that he is represented by appointed counsel in the proceedings below. A defendant has no right to "hybrid representation." *See Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).

To the extent that Yezak's filings can be construed as a pro se mandamus petition, the absence of a right to hybrid representation means that this Court cannot act on his petition. *See Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

For these reasons, we dismiss this appeal for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed:   October 21, 2022

Do Not Publish