# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO.  03-22-00721-CR

---

**Ex parte Rainier Song**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. CR2021-153, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Rainer Song, who has been charged with the third-degree felony offense of possession of a prohibited weapon, specifically an unregistered firearm, filed a pro se application for writ of habeas corpus, challenging the district court's setting of bond in the amount of $100,000.  Song has now filed an "interlocutory appeal" of the bond amount, even though there is nothing in the record indicating that the district court has ruled on his habeas application.

The State has filed a motion to dismiss the appeal, arguing that the reason the district court has not ruled on Song's application is because Song is represented by counsel in the court below, and the district court has no obligation to rule on a defendant's pro se motions when the defendant is represented by counsel.  *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (explaining that "a defendant has no right to hybrid representation" and that, "as a consequence, a trial court is free to disregard any pro se motions presented by a defendant

who is represented by counsel").  The State further argues that because the district court has not ruled on the application, we do not have jurisdiction over Song's purported appeal.

We agree with the State.  We do not have jurisdiction to review a trial court's refusal to issue a writ of habeas corpus unless the trial court rules on the application.  *See Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983); *Ex parte Young*, 257 S.W.3d 276, 277 (Tex. App.—Beaumont 2008, no pet.); *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet. ref'd).  Here, there is no ruling for us to review and thus we lack jurisdiction.  *See Ex parte Yezak*, No. 03-22-00582-CR, 2022 WL 15526491, at *1 (Tex. App.—Austin Oct. 28, 2022, no pet. h.) (mem. op., not designated for publication).

Moreover, to the extent that Song's notice of appeal could be construed as a petition for writ of mandamus, complaining of the district court's failure to rule on his application, Song has not established his entitlement to mandamus relief.  To obtain mandamus relief in a criminal case, a party "must show that 1) it lacks an adequate remedy at law, and 2) what it seeks to compel is ministerial, involving no discretion."  *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021).  The record reflects that Song is represented by counsel in the court below, which means that the district court has discretion to disregard Song's pro se application for writ of habeas corpus and that we cannot order the district court to rule on the application.  *See Robinson*, 240 S.W.3d at 922; *Young*, 257 S.W.3d at 277; *see also In re Barrera*, No. 03-22-00533-CR, 2022 WL 5047775, at *1 (Tex. App.—Austin Oct. 22, 2022, orig. proceeding) (mem. op., not designated for publication).

We grant the State's motion and dismiss this appeal for want of jurisdiction.

2

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   December 16, 2022

Do Not Publish