# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00225-CR

---

**Phillip "Baby Shark" Scott, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2023-CR0165, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

After reviewing the record in this appeal, this Court's clerk sent a letter to appellant Phillip G. "Baby Shark" Scott asking for a response explaining the basis for the Court's jurisdiction over what he described in his notice of appeal as an interlocutory appeal. The letter warned that a failure to respond within ten days with an adequate explanation for this Court's exercise of jurisdiction could result in dismissal of this cause for want of jurisdiction. *See* Tex. R. App. P. 42.3.

A party in a criminal case may appeal only from judgments of conviction or interlocutory orders authorized by statute. *Mack v. State*, 549 S.W.3d 746, 747 (Tex. App.—Waco 2017, pet. ref'd); *see also* Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2. In his Notice of Intent to Appeal, Scott contended that this court has jurisdiction to consider an interlocutory appeal from the denial of a motion to reduce bail. However, the Court of Criminal Appeals held that "[t]here is no constitutional or statutory authority granting the courts of appeals

jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

More than ten days have passed since this Court asked Scott to explain the basis for this Court to exercise jurisdiction over any issue he raised in this interlocutory appeal. He has not responded, and we find no basis on which to exercise jurisdiction.

We dismiss this appeal. *See* Tex. R. App. P. 42.3(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: July 26, 2023

Do Not Publish