**Opinion issued May 7, 2024**



In The

# Court of Appeals

### For The

## First District of Texas

———————————

## NO. 01-24-00282-CR

———————————

## EX PARTE WILLIAM HENRY WENZEL

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1834529**

## MEMORANDUM OPINION

Appellant William Henry Wenzel was indicted for the offense of burglary of a habitation with an intent to commit assault. *See* TEX. PENAL CODE § 30.02(a)(3). The trial court set Wenzel's bond at $50,000.

Although represented by counsel, Wenzel filed a pro se "Petition for Writ of Habeas Corpus for Bond Reduction" (habeas application). Wenzel later filed a pro

se notice of appeal from the trial court's purported denial of the habeas application. After receiving the notice of appeal, the district clerk's office notified Wenzel that the trial court had taken "no action" on his habeas application. Consistent with this, the record contains no order denying the requested habeas relief or any other indication that the trial court considered the habeas application.

In a criminal case, this Court has jurisdiction to consider an appeal from a final judgment of conviction or when jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008). "To perfect an appeal from the denial of habeas relief, there must be a signed appealable order." *Ex parte Thompson*, No. 05-21-00752-CR, 2022 WL 278242, at *1 (Tex. App.—Dallas Jan. 31, 2022, no pet.) (mem. op., not designated for publication) (citing, inter alia, *Smith v. State*, 559 S.W.3d 527, 535 (Tex. Crim. App. 2018)); *see Ex parte Evans*, 611 S.W.3d 86, 87 (Tex. App.—Waco 2020, no pet.) ("The denial of a pretrial habeas corpus writ application. . . is considered a final appealable order."); *see also Ex parte Young*, 257 S.W.3d 276, 277 (Tex. App.—Beaumont 2008, no pet.) ("No appeal lies from the refusal to issue a writ of habeas corpus unless the trial court rules on the merits of the application.").

Here, the record does not contain a signed order denying Wenzel's habeas application. Instead, correspondence from the district clerk's office reflects that the trial court did not rule on Wenzel's habeas application. We note that the record does

not otherwise contain a final judgment or an appealable order. Absent a final judgment or an appealable order, this Court has no jurisdiction over the appeal.[1] *See* TEX. R. APP. P. 26.2; *Evans*, 611 S.W.3d at 88 (holding that court lacked jurisdiction over appeal without signed order denying application for writ of habeas corpus).

Because Wenzel has not presented a final judgment or an appealable order for review, we dismiss the appeal for lack of jurisdiction. *See Young*, 257 S.W.3d at 277 (dismissing appeal for want of jurisdiction where trial court did not rule on application for writ of habeas corpus); *see also Ex parte Collins*, No. 07-24-00061-CR, 2024 WL 1627245, at *1 (Tex. App.—Amarillo Apr. 15, 2024, no pet. h.) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction because "the record [did] not reflect that the trial court entered a written order denying Appellant's habeas application").

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] We also note that clerk's record reflects that, after this appeal was filed, Wenzel posted bond and was released from custody. *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (mem. op.) (granting State's motion to dismiss appeal of habeas application seeking bond reduction after appellant posted bond and was released).