In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00322-CR
_____

EX PARTE REBEL HAYZ BREAUX

On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause No. 250302-C

MEMORANDUM OPINION

In a previous application for writ of habeas corpus, which Applicant Rebel Hayz Breaux ("Breaux") filed pursuant to article 11.09 of the Texas Code of Criminal Procedure, Breaux alleged that he was convicted of a misdemeanor offense on August 19, 2024, and that his sentence was discharged on that date. *See* Tex. Code Crim. Proc. Ann. art. 11.09(b). In that application, Breaux alleged that his trial counsel provided ineffective assistance and that he did not enter his "guilty" plea knowingly.

1

On April 1, 2025, the trial court denied Breaux's application for a writ of habeas corpus without either issuing the writ or holding an evidentiary hearing. In its order, the trial court stated that the writ is improper because "the applicant is not currently being restrained in his liberty by any party due to this case." Breaux appealed the denial, and we dismissed his appeal for lack of jurisdiction.[1]

Breaux then filed a new application for a writ of habeas corpus, alleging that he was "subject to significant and ongoing restraints on his liberty flowing directly from the challenged conviction[.]" More specifically, Breaux alleged that his family violence assault conviction and the protective order attendant thereto affected his "freedom of movement and access to property," his right to possess a firearm, and "[n]umerous other civil disabilities affecting his fundamental rights related to family, employment, housing, and professional licensure." Although the trial court had the power to issue a writ of habeas corpus in a misdemeanor case where the applicant was no longer confined, provided that the applicant was in some manner restrained by virtue of a void conviction, the trial court did not do so. *See Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003). The trial court denied Breaux's second application, issuing an order that is virtually identical to its prior

---

[1] *Ex parte Rebel Hayz Breaux*, No. 09-25-00117-CR, 2025 Tex. App. LEXIS 3447, at *2 (Tex. App.—Beaumont May 21, 2025, no pet.) (mem. op., not designated for publication).

order and stating that Breaux was "not currently being restrained in his liberty by any party due to this case." Without issuing the writ, holding an evidentiary hearing, or ruling on the merits of Breaux's claims, the trial court again determined that "applicant's Writ of Habeas Corpus is improper." Breaux appealed the trial court's denial.

"The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Greenwell v. Ct. of Appeals for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (orig. proceeding). There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denied a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394-95 (Tex. Crim. App. 2008).

Here, as in *Villanueva*, the trial court did not decide whether Breaux voluntarily entered his "guilty" plea or whether he received effective assistance of counsel. *See id.* at 393. Since the trial court denied Breaux's article 11.09 application for a writ of habeas corpus without issuing the writ or ruling on Breaux's claims, we dismiss Breaux's appeal for lack of jurisdiction. Breaux's remedy, if any, is through

a Petition for Writ of Mandamus to compel the trial court to act. *See Ex parte Young*, 257 S.W.3d 276 (Tex. App.—Beaumont 2008, no pet.); Tex. R. App. P. 52.

APPEAL DISMISSED.

JAY WRIGHT
Justice

Submitted on March 6, 2026
Opinion Delivered April 1, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.