In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-168 CR


____________________



EX PARTE JEREMY WILLIAMS





On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 2096 (84757, 83258, 83415)






OPINION



 The trial court denied Jeremy Williams's petition for writ of habeas corpus without
issuing the writ and apparently without conducting an evidentiary hearing. We questioned
our jurisdiction over the appeal, and whether a petition for writ of mandamus was intended
instead of an appeal. (1) Williams, who filed both the habeas petition and this appeal pro se,
did not respond and we received no response from his appointed attorney in the criminal
prosecution.

 No appeal lies from the refusal to issue a writ of habeas corpus. (2) Ex parte Hargett,
819 S.W.2d 866, 868-69 (Tex. Crim. App. 1991); Ex parte Noe, 646 S.W.2d 230, 231 (Tex.
Crim. App. 1983); Ex parte Ainsworth, 27 Tex. 731 (1865). An appeal is available only if
the trial court considers and resolves the merits of the petition. Hargett, 819 S.W.2d at 868. 
As an intermediate court, we are not at liberty to alter this longstanding rule.

 The rule has been criticized. See 43B George E. Dix & Robert O. Dawson, Texas
Practice: Criminal Practice and Procedure § 47.54, at 223-24 (2d ed. 2001) ("Perhaps
the most bizarre aspect of Texas criminal habeas corpus procedure is the longstanding rule
that no appeal lies from either a trial judge or court's refusal to grant or issue the writ of
habeas corpus or other action by the judge or court equivalent to such refusal."). The authors
of the cited treatise explain that "[t]he original rationale for the rule was in large part that
appeals were available only insofar as authorized by statute and that no statute authorized
appeal from a refusal to issue the writ[,]" "but the entire basis for regarding the legislature
as having authorized only limited appeal in habeas cases has disappeared." Id. at 224-25. 
The authors state, "On more functional grounds, Ainsworth's approach makes no sense." Id. 
at 225. 

 We believe the rule should be reconsidered. The authors of the treatise describe the
state of affairs as follows:

 Most significantly, however, Ainsworth's approach denigrates the writ
itself. It provides a person restrained of his liberty with a remedy if a trial
judge addresses the propriety of his restraint but wrongly determines that the
restraint is appropriate. It provides such a person no practical remedy if the
judge even arbitrarily refuses to even consider the propriety of his restraint. 
Such an approach surely disregards the Code's directive to construe "[e]very
provision relating to the writ" - with no exemption for provisions relating to
appeal - to give effect to the remedy and to protect the interests of those
seeking relief. 


Dix & Dawson, supra § 47.54, at 226 (footnote omitted).


 Arguably, the 1986 adoption (3) of the Rules of Appellate Procedure undermined the
longstanding Ainsworth rule. (4) Rule 31.1 of the Texas Rules of Appellate Procedure and its
predecessor, former Rule 44, refer to appeals "from a judgment or order" in a habeas corpus
proceeding. In contrast, the applicable language in article 44.34, the pre-1986 statute
providing for appeals in the habeas context, describes the defendant as "appeal[ing] from the
judgment rendered on the hearing of an application under habeas corpus. . . ." See Act of
June 1, 1981, 67th Leg., R.S., ch. 291, § 140, art. 44.34, 1981 Tex. Gen. Laws 761, 818,
repealed by Act of May 27, 1985, 69th Leg., R.S., ch. 685, §4, 1985 Tex. Gen. Laws 2472,
2473. The treatise authors explain that the reference in former article 44.34 (providing for 
appeal) to a transcript of a hearing may have reflected a legislative assumption that appeals
would lie only when the writ has been issued and the trial court has held a hearing on the
merits. See Dix & Dawson, supra § 47.54, at 225 (2d ed. 2001). Because Tex. R. App. P.
31.1 reflects no assumption that a hearing has been held, the authors argue, Rule 31.1 cannot
be read as imposing a requirement that the proceeding has "progressed beyond issuance of
the writ to a 'hearing' on the merits of the petition" in order for the order on the habeas
petition to be appealable. Dix & Dawson, supra § 47.54, at 225. The treatise further notes
the Court of Criminal Appeals in Hargett "found an appealable order despite the trial judge's
refusal to hold an 'evidentiary hearing.'" Dix & Dawson, supra § 47.55, at 227 (citing
Hargett, 819 S.W.2d. at 869). 

 Former Rule 44 was in effect at the time the Court of Criminal Appeals decided
Hargett in 1991. Hargett stated, "It is well settled that no appeal can be had from a refusal
to issue or grant a writ of habeas corpus even after a hearing." See Hargett, 819 S.W.2d at
868 (footnote omitted)(emphasis in original). The Court held that the trial court in that case
had gone beyond merely deciding whether to issue the writ and had ruled on the merits of
the application, although the trial court did not issue the writ; therefore, in Hargett the
appellate court had jurisdiction to consider the appeal. Id., at 868-69. "[J]urisdiction was
conferred upon the Court of Appeals by virtue of Tex.R.App.Proc., 44." Hargett, 819
S.W.2d at 868-69 (footnote omitted). The Court held "that the Court of Appeals was
authorized to hear this appeal under Article 44.02, V.A.C.C.P. in accordance with
Tex.R.App.Proc., 44." Hargett, 819 S.W.2d at 869. 

 If a trial court presiding over a criminal case refuses to issue a writ, that refusal is in
practical effect a denial of the relief requested in the petition. A refusal to issue the writ by
one judge does not preclude a petition to another judge. See In re Piper, 105 S.W.3d 107,
110 (Tex. App.--Waco 2003, orig. proceeding). Nevertheless, another trial judge with no
relationship to the underlying case would be unlikely as a practical matter to issue a writ pre-trial. (5) 

 In an attempted appeal of a trial court's refusal to issue the writ, an appellant seeks
implicitly an order compelling the trial court to consider and resolve the merits of the
petition. To determine whether it has jurisdiction, the appellate court reviews the record; if
the trial court did not rule on the petition's merits, the appellate court is considered to have
no jurisdiction. We suggest the appellate review of the record as a practical matter could be
focused on the request for relief denied by the trial court, rather than on the stage of the
habeas proceeding at which the relief was denied. 

 It appears article 44.02 and Rule 31 would confer jurisdiction for this review. See
Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979 & Supp. 2006) ("A defendant in any
criminal action has the right of appeal under the rules hereinafter prescribed[.]"); Tex. R.
App. P. 31; and Tex. R. App. P. 25.2(a)(2) ("A defendant in a criminal case has the right of
appeal under Code of Criminal Procedure article 44.02 and these rules."). (6) The trial court
issued an order disposing of a separately filed habeas corpus proceeding. See Tex. R. App.
P. 31.1. (7) Given that article 44.02 and Rule 31 appear to confer jurisdiction, the issue in this
appellate review should be whether the petition on its face states a cognizable claim and
satisfies the applicable statutory requirements of Chapter 11 of the Code of Criminal
Procedure, and if so, whether the trial court was required under the circumstances to consider
and resolve the merits of the petition. See generally Ex parte McCullough, 966 S.W.2d 529,
531 (Tex. Crim. App. 1998) (cognizability distinguished from jurisdiction). 

 This approach could serve the writ's purpose without unduly burdening the justice
system. The record at this stage would be limited, as are the circumstances presenting a
cognizable habeas claim pre-trial. A restricted appellate review should be prescribed. 
"Where one entitled to a writ of habeas corpus makes proper application for it to the proper
court having jurisdiction, said application conforming to all the statutory requirements and
probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for
it then becomes a constitutional right." Click v. State, 118 Tex. Crim. 404, 407, 39 S.W.2d
39, 41 (1931). See Tex. Code Crim. Proc. art 11.15 (Vernon 2005) ("The writ of habeas
corpus shall be granted without delay by the judge or court receiving the petition, unless it
be manifest from the petition itself, or some documents annexed to it, that the party is entitled
to no relief whatever."); see Lofton v. State, 777 S.W.2d 96, 97 (Tex. Crim. App. 1989) (If
the petition on its face is "so utterly without merit," the trial judge would be justified fully
in refusing to issue the writ.). An order denying constitutionally and statutorily mandated
relief, and terminating the separately filed habeas corpus proceeding, would appear to be
appealable under the ordinary meaning of the words "judgment or order" used in Tex. R.
App. P. 31.1. 

 This Court cannot change the longstanding ruling that no appeal lies from a trial
court's refusal to issue the writ of habeas corpus. We would exceed our authority as an
intermediate appellate court if this Court were to act inconsistently with controlling Court
of Criminal Appeals' decisions. See generally Sheffield Dev. Co. v. City of Glenn Heights,
140 S.W.3d 660, 674 (Tex. 2004) (A lower court follows controlling precedent and leaves
to the higher court the prerogative of overruling its own decisions.). We only respectfully
suggest reconsideration of an issue important to the jurisprudence of the State in view of the
Code's requirement that "[e]very provision relating to the writ of habeas corpus shall be most
favorably construed in order to give effect to the remedy, and protect the rights of the person
seeking relief under it." See Tex. Code Crim. Proc. Ann. art. 11.04 (Vernon 2005); see also
Tex. R. App. P. 31.

 Without addressing the merits of the petition, the trial court refused to issue a writ of
habeas corpus. Under controlling Court of Criminal Appeals' precedent, this Court has no
jurisdiction over this appeal from that order. See generally McCullough, 966 S.W.2d at 531
(no appeal from a refusal to issue writ of habeas corpus) (citing Hargett, 819 S.W.2d at 868). 
The appeal is dismissed for want of jurisdiction.

 APPEAL DISMISSED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Opinion Delivered August 23, 2006

Publish


Before Gaultney, Kreger and Horton, JJ.
1. In appropriate situations, mandamus may lie to compel a trial court to act on a
petition for writ of habeas corpus. See Ex parte Rodriguez, 980 S.W.2d 475 (Tex. Crim.
App. 1998) (Baird, J., concurring); Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App.
1991); see also In re Mendoza, 131 S.W.3d 167 (Tex. App.--San Antonio 2004, orig.
proceeding); but see In re Piper, 105 S.W.3d 107 (Tex. App.--Waco 2003, orig. proceeding).
No petition for mandamus was filed here.
2. There is a distinction between issuing the writ of habeas corpus and determining the
merits of the habeas claim. See Hargett, 819 S.W.2d at 869. The writ itself is an "order
issued by a court or judge of competent jurisdiction, directed to any one having a person in
his custody, or under his restraint, commanding him to produce such person, at a time and
place named in the writ, and show why he is held in custody or under restraint." Tex. Code
Crim. Proc. Ann. art. 11.01 (Vernon 2005). The trial court must grant the writ "without
delay . . . unless it be manifest from the petition itself, or some documents annexed to it, that
the party is entitled to no relief whatsoever." Id. at art. 11.15 (Vernon 2005). "'An order
denying relief on the merits is a final judgment in the habeas corpus proceeding'"and "'is
immediately appealable by the unsuccessful petitioner.'" Greenwell v. Court of Appeals for
the Thirteenth Judicial Dist., 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (orig.
proceeding)(quoting 43B George E. Dix & Robert O. Dawson, Texas Practice: 
Criminal Practice and Procedure § 47.51, at 220) (2d ed. 2001)). 
3. See "Order of April 10, 1986. Promulgating New Rules of Appellate Procedure,"
707-08 S.W.2d XXIX-XXXI. This may be an issue which must be addressed by a statute
rather than a rule of appellate procedure. See Tex. Gov't Code 22.108(a)(Vernon 2004)
("The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial,
appellate, and review procedure in criminal cases except that its rules may not abridge,
enlarge, or modify the substantive rights of a litigant."); see Shankle v. State, 119 S.W.3d
808, 812 (Tex. Crim. App. 2003).
4. Ainsworth was decided before the creation of the Court of Criminal Appeals and the 
intermediate appellate courts, and before the adoption of the Rules of Appellate Procedure. 
Ex parte Ainsworth, 27 Tex. 731 (1865); see 55 Tex. B.J. 1052 (1992)(creation of Court of
Criminal Appeals in 1891.)
5. The Court of Criminal Appeals also has original jurisdiction to issue the writ of
habeas corpus, but the Court exercises this jurisdiction only in exceptional cases and
generally only after unsuccessful efforts in the trial court. See Tex. Const. art. V, § 5(c);
Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 2005); Ex parte Lambert, 37 Tex. Crim.
435, 36 S.W. 81, 82 (1896); see also Ex parte Rodriguez, 169 Tex. Crim. 367, 334 S.W.2d
294 (1960). Article 11.05 does not include the courts of appeals or their justices in the list
of courts and judges that may issue a writ of habeas corpus. See Tex. Code Crim. Proc.
Ann. art. 11.05; see Watson v. State, 96 S.W.3d 497, 500 (Tex. App.-Amarillo 2002, pet.
ref'd).
6. But see White v. State, 61 S.W.3d 424, 427-28 (Tex. Crim. App. 2001) ("The Rules
of Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, set out
procedures which must be followed in order to invoke jurisdiction over a particular appeal.");
Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) ("The Rules of Appellate
Procedure do not establish courts of appeals' jurisdiction; they provide procedures which
must be followed by litigants to invoke the jurisdiction of the courts of appeals so a particular
appeal may be heard."). 
7. See Ex Parte Carter, 849 S.W.2d 410, 411 n.2 (Tex. App.-San Antonio 1993, pet.
ref'd) ("Habeas Corpus proceedings are separate and distinct proceedings independent of the
cause instituted by the presentation of an indictment or other forms of the State's pleadings. 
Such habeas proceedings should be docketed separately from the substantive cause and given
a different cause number. An appeal from an order denying relief after the issuance of the
habeas corpus writ is not an interlocutory appeal from the substantive cause arising out of
an indictment, felony information complaint and information. Failure to docket habeas
corpus proceedings separately is a common mistake of the bench and bar and the court clerks
of this State.").