In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00194-CV


____________________



EX PARTE WESLEY MILLER






On Appeal from the 435th District Court


Montgomery County, Texas


Trial Cause No. 06-02-01871 CV






 MEMORANDUM OPINION


 The trial court denied Wesley Miller's application for a writ of habeas corpus without
issuing the writ. Miller's habeas petition alleges that after he completed his criminal
sentences, he was illegally placed in jail pursuant to a civil commitment order that provided
for his treatment as a sexually violent offender. Miller challenges the authority of the
Council on Sex Offender Treatment to jail him based upon the civil commitment order.

 In this case, the trial judge did not conduct an evidentiary hearing, and it initially
denied Miller's application for the writ without making any findings of fact or conclusions
of law. The trial court's order recited that it denied the application "[a]fter giving due
consideration to the application and the response by the Council on Sex Offender Treatment
in whose custody the applicant has been placed . . . ." 

 On appeal, Miller argues that the trial court's ruling was based on the merits of his
application. The appellees, the Council on Sex Offender Treatment and the Sheriff of
Tarrant County, Dee Anderson, disagree. They argue that the trial court did not conduct a
hearing nor did it rule on the merits of Miller's application. We abated the appeal and
requested the trial court to make findings and conclusions addressing whether it had ruled
on the merits of Miller's application for writ of habeas corpus. After conducting a hearing,
the trial court made findings, including the following: "The trial court declined to consider
or rule on the merits of MILLER's Writ of Habeas Corpus."

 In light of the trial court's express finding that it did not consider the merits of
Miller's application, we are not persuaded by Miller's argument to the contrary. However,
this is not the first occasion that we have faced the question of whether we had jurisdiction
to hear an appeal of a trial court's order denying an application for a writ of habeas corpus. (1)
Recently, in Ex parte Williams, 200 S.W.3d 819, 820-21 (Tex. App.-Beaumont 2006, no
pet.), we noted criticism of the rule restricting the appeal of habeas cases when the
application for the writ was not denied on the merits and expressed our view that "the rule
should be reconsidered." Nevertheless, as in Ex parte Williams, we are bound by existing
precedent of the Texas Supreme Court and the Texas Court of Criminal Appeals holding that
an appellate court has no jurisdiction to hear the appeal when the trial court did not deny the
application for writ of habeas corpus on its merits. Ex parte Hargett, 819 S.W.2d 866,
868-69 (Tex. Crim. App. 1991) (2); Ex parte Noe, 646 S.W.2d 230, 231 (Tex. Crim. App.
1983); Ex parte Ainsworth, 27 Tex. 731, 732-33 (1865). (3) 

 "Generally, the doctrine of stare decisis dictates that once the Supreme Court
announces a proposition of law, the decision is considered binding precedent." Lubbock
County v. Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002). Moreover, "[i]t
is not the function of a court of appeals to abrogate or modify established precedent." Id. As
an intermediate court, we are bound by the rule of stare decisis to follow precedent. 

 We hold that we are without jurisdiction to hear Miller's appeal challenging the trial
court's denial of his application for a writ of habeas corpus. We dismiss the appeal for want
of jurisdiction.

 APPEAL DISMISSED.



 ____________________________

 HOLLIS HORTON

 Justice



Submitted on December 18, 2008

Opinion Delivered April 2, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.
1. See, e.g., Ex parte Young, 257 S.W.3d 276, 277 (Tex. App.-Beaumont 2008, no pet.)
(finding no decision was made on the application's merits); In Re Commitment of Richards,
202 S.W.3d 779, 788 (Tex. App.-Beaumont 2006, pet. denied) (finding decision to have
been on the merits when court conducted evidentiary hearing on the application); Ex parte
Williams, 200 S.W.3d 819, 823 (Tex. App.-Beaumont 2006, no pet.) (finding no decision
was made on the application's merits); Ex parte Bamburg, 890 S.W.2d 549, 551 (Tex.
App.-Beaumont 1994, no pet.) (finding no decision was made on the application's merits).
2. We note that in Ex parte Villanueva, 252 S.W.3d 391, 396-97 (Tex. Crim. App.
2008), the Court of Criminal Appeals held that Ex parte Hargett's limitations on an appellate
court's jurisdiction to consider an appeal of a habeas ruling did not apply to applications for
writs of habeas corpus filed pursuant to Article 11.072 of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005) (relating to the
procedures for applications for writs of habeas corpus in felony or misdemeanor cases in
which the applicant seeks relief from an order or judgment of conviction ordering community
supervision). Miller's habeas appeal does not fall within this statutory provision that alters
the general rule applied to determining the appellate court's jurisdiction. See id.
3. 1865 WL 2539, at *2.