**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00142-CV**
_____

**PATRICK D. RIECKE, Appellant**

**V.**

**DORIS RIECKE, Appellee**

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 39,881

## MEMORANDUM OPINION

Appellant Patrick D. Riecke files this pro se appeal from a no-answer default judgment in a divorce case. Patrick challenges the trial court's Final Decree of Divorce, arguing there was not an equitable and fair distribution because there is no evidence listing the value of the parties' community property. We affirm the trial court's judgment.

1

## BACKGROUND

Appellee Doris Riecke filed an Original Petition for Divorce requesting the trial court to divide the marital estate in a just and right manner and to award her a disproportionate share of the estate due to fault in the breakup of the marriage. The record shows Patrick was personally served, failed to file an answer, and failed to appear at the final hearing. During the final hearing, Doris testified that her attorney sent Patrick a certified letter notifying him of the hearing.

Regarding the division of property, Doris testified that she and Patrick sold their home in Sabine County and divided the proceeds in half. Doris explained that she bought a home in Buna ("the Buna Property") with her part of the proceeds, and she asked the trial court to award her the Buna Property and all the property in her possession, including an automobile. Doris testified that Patrick used his half of the proceeds to buy motorcycles, automobiles, and a trailer house that is located on the Buna Property, and she requested that the trial court award Patrick those items and all the property in his possession and order him to remove the trailer house from the Buna Property. The trial court awarded Doris the Buna Property, all the property in her possession, including a 2007 Chevy Malibu, and the trial court awarded Patrick all the property in his possession, a 2003 Chevrolet truck, a 1972 Chevrolet truck, a Dodge Dually, two motorcycles, a jet ski, and a travel trailer.

Patrick filed a pro se Motion for New Trial, which was overruled by operation of law, and a pro se notice of appeal. Doris filed a Response to Patrick's Motion for New Trial and Appeal, claiming Patrick filed the documents to harass her, and she attached the certified letter her attorney sent to Patrick informing him of the date and time of the final hearing.

ANALYSIS

In his pro se brief, Patrick argues he is appealing the divorce settlement because there was not an equitable and fair distribution of the community property as stated in Texas law. Patrick claims there was no documentation of the value of any community property asset held by either party and that Doris falsely represented that he owned the travel trailer on the Buna Property.

Specifically, Patrick listed his issues as follows:

1. Failure to be present at the Divorce Settlement hearing on April 8, 2022.
2. Efforts to reach a mutually fair and equitable settlement with Doris[.]
3. Doris refused to enter into Discovery to Document all assets[.]
4. Documentation of Income During our Marriage[.]
5. Deception and Unequal Division of Revenue from the Sale of our house and land in Sabine County[.]
6. Income sources besides that from employment[.]
7. False statement made by Doris Riecke at the court hearing on April 9, 2022[.]

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) (explaining pro se

3

pleadings and briefs are to be liberally construed); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (stating a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). Nevertheless, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Pro se parties must comply with the rules governing error preservation and requiring adequate briefing and citations to the record. *Sneed v. Stamat*, No. 09-19-00379-CV, 2021 WL 1031676, at *1 (Tex. App.—Beaumont Mar. 18, 2021, no pet.) (mem. op.) (citations omitted). "The appellate court has no duty to brief issues for an appellant." *In re A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied) (citing *Huey v. Huey*, 200 S.W.3d 821, 854 (Tex. App.—Dallas 2006, no pet.)).

An appellate brief "'must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) (quoting Tex. R. App. P. 38.1(i)). The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue. *Id.* (citing *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010)).

In this case, Patrick's brief listed seven issues, but his brief fails to identify the applicable law or legal standard for each issue and then also fails to explain how

4

the trial court erred with reference to the applicable law. Patrick's pro se brief only included two citations to the Texas Family Code and one citation to the reporter's record. While Patrick complains the trial court failed to make an equitable and fair distribution of the community property as required by Texas law, he fails to provide legal authority and analysis applying the facts to the law. Patrick's brief fails to satisfy Rule 38.1. *See* Tex. R. App. P. 38.1(i). Instead, his brief generally contains bare assertions of error or allegations, and we conclude that he has presented nothing for review on appeal and waived our review of his complaints. *See Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (stating bare assertions of error, without argument or authority, present nothing for review); *Sneed*, 2021 WL 1031676, at *2; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (explaining a point may be waived due to inadequate briefing). We overrule all of Patrick's issues and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on March 10, 2023
Opinion Delivered April 6, 2023

Before Golemon, C.J., Johnson and Wright, JJ.

5